2024 PA Super 260

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALPH SKUNDRICH | : | |
| | : | |
| Appellant | : | No. 221 WDA 2024 |

Appeal from the PCRA Order Entered January 26, 2024
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0002199-2011

BEFORE:   DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

OPINION BY DUBOW, J.:                          **FILED:  November 6, 2024**

Appellant, Ralph Skundrich, appeals from the order entered in the Butler County Court of Common Pleas on January 26, 2024, denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-46, petition.  Appellant challenges the PCRA court's determination that it lacked jurisdiction to review the claims in his first PCRA petition because Appellant filed it prematurely.  After careful review, we conclude that given the unusual procedural history in this case, the PCRA court had jurisdiction to review the claims in Appellant's first PCRA petition.  We, thus, vacate the order and remand for further proceedings consistent with this Opinion.

The relevant facts and procedural history are as follows.  On June 19, 2014, a jury convicted Appellant of Rape and numerous related offenses.  On

_____

[*] Former Justice specially assigned to the Superior Court.

November 6, 2014, the trial court sentenced Appellant to an aggregate term of 382 to 764 months of incarceration. Appellant did not file a post-sentence motion.

On December 9, 2014, more than thirty days after the trial court entered the judgment of sentence, trial counsel filed a notice of appeal from the judgment of sentence as well as a *praecipe* to withdraw as counsel.[1] On December 23, 2014, while Appellant's direct appeal was pending in the Superior Court, but within one year of the trial court's entering the judgment of sentence, Appellant *pro se* filed a PCRA petition raising numerous claims of trial counsel's ineffectiveness ("First PCRA Petition"). The trial court took no immediate action on that petition.

On June 28, 2016, the Superior Court quashed Appellant's direct appeal, concluding that Appellant's counsel failed to timely appeal the judgment of sentence.[2] Accordingly, and most relevant to our analysis, the dismissal of the appeal confirmed that Appellant's judgment of sentence had become final

---

[1] We note that in this order, the trial court also granted counsel's request to withdraw "upon the appearance of new counsel." Order, 12/10/14. The trial court appointed appellate counsel on April 22, 2015.

[2] *See Commonwealth v. Skundrich*, 2010 WDA 2014 (Pa. Super. filed June 28, 2016).

on December 8, 2014, 30 days after the trial court entered the judgment of sentence.[3]

On September 5, 2023, Appellant filed, with leave of court, a counselled, amended First PCRA petition ("Amended First PCRA Petition"). He argued that since his counsel had filed an untimely notice of appeal and his judgment of sentence had become final on December 8, 2014, the PCRA petition had not been premature and the court had jurisdiction to consider the merits of the claims that he raised in his still-pending First PCRA Petition and Amended First PCRA Petition.

On October 11, 2023, the Commonwealth filed an answer and motion to dismiss the Amended First PCRA Petition, asserting that the PCRA court lacked jurisdiction to consider its merits. The Commonwealth argued that because Appellant filed the First PCRA Petition during the pendency of his direct appeal, and continued to litigate his direct appeal, it was premature and the PCRA court had no jurisdiction over it at that time.

_____

[3] On July 31, 2017, Appellant *pro se* filed a second PCRA petition claiming that his trial counsel had been ineffective by failing to file a timely notice of appeal. On August 7, 2017, the PCRA court appointed PCRA counsel who on February 5, 2020, filed an amended second PCRA, which requested reinstatement of his direct appeal rights *nunc pro tunc*, or in the alternative, a new trial based on trial counsel's ineffectiveness in failing to obtain an independent expert to review the Commonwealth's DNA expert's opinion, failing to object to Appellant being restrained in handcuffs and a shock belt during trial, and failing to obtain alibi witnesses. That same day, Appellant also filed a motion for funds to obtain a DNA expert, which the PCRA court granted. The PCRA court dismissed the second PCRA petition and the amended second PCRA petition. Appellant has not appealed this dismissal and thus, we will not discuss it further.

On November 2, 2023, the PCRA court held a hearing solely on the issue of whether it had jurisdiction over the First PCRA Petition and Amended First PCRA Petition. Following the hearing, on January 26, 2024, the PCRA court granted the Commonwealth's motion to dismiss, and dismissed Appellant's First PCRA Petition and Amended First PCRA Petition for lack of jurisdiction.

Appellant appealed the PCRA's court order denying his First PCRA Petition and Amended First PCRA Petition. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[4]

Appellant raises the following issue on appeal:

Did the PCRA court err by dismissing for lack of jurisdiction [Appellant's] first [PCRA petition]—which he filed *pro se* on December [23], 2014, after the date his judgment of sentence became final and within one year of that date, and which he amended on September 5, 2023, after receiving leave of court to do so—on the sole basis that his facially untimely direct appeal from his judgment of sentence was pending in the Superior Court at the time his *pro se* PCRA petition was filed?

Appellant's Brief at 2.

## A.

"[W]e review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa. Super. 2022) (citation and internal quotation marks omitted). It is an appellant's burden to persuade us that the PCRA court erred, and that relief

---

[4] The PCRA court's opinion referred this Court to its January 26, 2024 memorandum opinion for an explanation of its reasons for dismissing Appellant's petitions.

is due. **Commonwealth v. Wholaver**, 177 A.3d 136, 144-45 (Pa. 2018). "[W]e apply a *de novo* standard of review to the PCRA court's legal conclusions[.]" **Howard**, 285 A.3d at 657.

"It is well-settled that, relative to PCRA petitions, questions of timeliness are jurisdictional in nature; therefore, courts must address these questions as threshold issues." **Commonwealth v. Smith**, 310 A.3d 94, 102 (Pa. 2024). A petitioner must file a PCRA petition "within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The time for seeking direct review expires after 30 days if a defendant does not file a direct appeal within 30 days of his judgment of sentence or a post-sentence motion within 10 days of imposition of sentence. **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*); Pa.R.Crim.P. 720(A)(1)-(3).

\*

Appellant asserts that, pursuant to our Supreme Court's recent decision in **Smith**, **supra**, the PCRA court erred in dismissing the First PCRA Petition by finding that it lacked jurisdiction to review the claims raised because Appellant prematurely filed the First PCRA Petition. Appellant's Brief at 13-40. We agree.

Generally, a petitioner may only file a PCRA petition after he "has waived or exhausted his direct appeal rights." *Commonwealth v. Leslie*, 757 A.2d 984, 985 (Pa. Super. 2000). Our Supreme Court recently explained, however, that "a pending, facially untimely direct appeal does not *per se* render a PCRA petition [] premature." *Smith*, 310 A.3d at 102.

In *Smith*, our Supreme Court held that a PCRA court may hold in abeyance a petition filed during the pendency of a facially untimely direct appeal rather than dismiss it as a nullity because the PCRA court's jurisdiction in such instances is unclear until the viability of the direct appeal is determined. *Id.* at 103-04. The Court concluded in *Smith* that the PCRA court and the Superior Court erred in dismissing the PCRA petition filed during the pendency of the defendant's facially untimely direct appeal because neither court had "engage[d] in a meaningful timeliness analysis" of the defendant's PCRA petition. *Id.* at 102. The *Smith* Court directed that the PCRA court "delay a definitive ruling on the timeliness of the petition until it has all the facts necessary to make such an assessment[.]" *Id.* at 103. In addressing the limits of a trial court's authority to act during the pendency of an appeal, the *Smith* Court indicated that, "if a defendant files a PCRA petition during the pendency of a facially untimely direct appeal that may impact the timeliness of his PCRA petition, then the PCRA court is empowered to maintain the *status quo* by entering an order postponing a ruling on the timeliness of the petition." *Id.* at 104.

The Commonwealth attempts to distinguish **Smith** by arguing that the Supreme Court did not create a *per se* rule that the PCRA court has jurisdiction over a PCRA petition filed during the pendency of a facially untimely direct appeal. Commonwealth's Brief at 11-12, 15. Rather, it argues that **Smith** merely requires that the PCRA court defer ruling on its jurisdiction until it "has all the necessary facts." **Id.** at 12. Because the PCRA court here deferred ruling on its jurisdiction until after it held a hearing to gather "all the necessary facts," the Commonwealth argues that the PCRA court complied with **Smith**. **Id.** at 13-14.

We reject the Commonwealth's argument. As in **Smith**, the PCRA court here reasoned that it lacked jurisdiction to consider the First PCRA Petition because Appellant prematurely filed his PCRA petition, *i.e.*, he filed it during the pendency of his direct appeal. PCRA Ct. Op. at 3 (unpaginated). The PCRA court, however, failed to consider that the notice of appeal filed by trial counsel was facially untimely. The PCRA court correctly deferred deciding whether it had jurisdiction over the First PCRA Petition until this Court confirmed that trial counsel had filed an untimely notice of appeal, but once the Superior Court made that determination, it was clear that Appellant's judgment of sentence had become final 30 days after the trial court entered it. Appellant's First PCRA Petition was, therefore, not premature. Thus, the trial court erred in determining that it lacked jurisdiction to review the First PCRA Petition.

Accordingly, we vacate the PCRA court's Order dismissing First PCRA Petition and Amended First PCRA Petition. We find that the trial court has jurisdiction to consider the claims that Appellant raises in the First PCRA Petition and Amended First PCRA Petition.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/6/2024